# INDEMNIFICATION

Under Illinois law, if you find against Defendant Rodriguez, Defendant Hihn, Defendant Donley or Defendant Makarzyk , the City of Chicago would be legally required to pay the full amount of the compensatory damages that you award to Plaintiff. The individual defendants would be legally required to pay any award for punitive damages.

Plaintiff's Proposed Instruction No. 9

745 ILCS 10/9-102 (Illinois indemnification statute)

Lawson v. Trowbridge, 153 F.3d 368, 379 (7th Cir. 1998) ("[O]nce the defendants made their financial weakness the centerpiece of their testimony in the damages phase of the trial, .... their direct testimony opened the door and the district court should have permitted [the plaintiff] to point to Wisconsin's indemnification statute.")

Rosario v. City of Chicago, 2008 WL 905874 at *6 (N.D.Ill. 2008) (Shadur, J.) ("To earn the benefit of this Court's ruling excluding evidence as to indemnification, Witt and his counsel must be circumspect in avoiding any statement or implication as to Witt's financial situation. If any such statement or implication that might create the flipside risk identified here were to take place, *this Court would not hesitate to instruct the jury as a matter of law* that Witt is entitled to indemnification as to compensatory but not as to punitive damages.")

Mohr v. Chicago School Reform Bd. of Trustees of Bd. of Educ. of City of Chicago, 155 F.Supp.2d 923, 928 (N.D.Ill. 2001) (Bucklo, J.)

S. Yagman, POLICE MISCONDUCT AND CIVIL RIGHTS, Federal Jury Practice and Instructions (West, 2d ed. 2002) § 7-2.40 (modified)

\_\_\_\_\_ Objection
\_\_\_\_\_ Agreed
\_\_\_\_\_ Given
\_\_\_\_\_ Given as Modified
\_\_\_\_\_ Refused
\_\_\_\_\_ Withdrawn