08CV 5616

08 C 5616
Judge Gary Feinerman
Court's Exhibit (A) Jury Instructions

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

# F I L E D

MAR 1 7 2011
MAR. 17, 2011
Judge Gary Feinerman
United States District Court

The evidence consists of the testimony of the witnesses, and the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that a person would have given certain testimony.

In this case one Defendant is a municipal corporation. All parties are equal before the law. A municipal corporation ~~are~~ entitled to the same fair consideration that you would give any individual.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by any Party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other statements, the law is different. If you decide that, before the trial, a witness made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You must give separate consideration to each claim and each party in this case. Although there are four individual defendants and Defendant City of Chicago, it does not follow that if one is liable, any of the others is also liable.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

To succeed on his claim of failure to provide medical attention, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Plaintiff had a serious medical need;

2. That one or more of the defendants denied plaintiff medical attention and that this denial of medical attention was objectively unreasonable.

3. The conduct of one or more of Defendants caused harm to Plaintiff;

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for one or more of the Defendants, and you will not consider the question of damages.

In determining whether the defendants' denial of medical attention to plaintiff was objectively unreasonable, you should consider:

1.  Whether the defendants were given notice of plaintiff's medical need either by word or through observation of plaintiff's physical symptoms;

2.  Whether plaintiff had a serious medical need in light of plaintiff's objective physical symptoms and as that term is defined for you in these instructions.

3.  The scope of the requested treatment including the practicality of providing the requested treatment;

4.  The interests of the police department including their administrative, penological and investigatory concerns.

If Defendants took reasonable measures to respond to a risk, they were not objectively unreasonable, even if Plaintiff was ultimately harmed.

When I use the term "serious medical need," I mean a condition that a doctor says requires treatment, or something so obvious that even someone who is not a doctor would recognize it as requiring treatment. In deciding whether a medical need is serious, you should consider the following factors:

- the severity of the condition;

- the harm including pain and suffering that could result from a lack of medical care;

- whether providing treatment was feasible; and

- the actual harm caused by the lack of medical care.

There are four individual Defendants in this case: Heidi Hinh, John Rodriguez, Marvin Donley, and David Makarzyk. You may find that all of them, none of them, or some of them are liable. In order for any individual to be held liable, Plaintiff must prove by a preponderance of the evidence that the individual was personally involved in the conduct that Plaintiff alleges. You many not hold an individual Defendant liable for what other persons did or did not do.

You have heard evidence about whether Defendant's conduct complied with or violated the Chicago Police Department Guidelines for Arrestee Screening or general orders. You may consider this evidence in your deliberations. But remember that the issue is whether Defendants were objectively unreasonable in failing to provide Plaintiff with medical attention, not whether the Guidelines for Arrestee Screening or general orders might have been complied with or violated.

If you find that Plaintiff has proved any of his claims against any of the Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover as to that Defendant or those Defendants.

If you find for one or more Defendants on all of Plaintiff's claims, then you will not consider the question of damages as to that Defendant or those Defendants.

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of the failure to provide plaintiff with medical care. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.      The emotional distress and physical pain and suffering that Plaintiff has experienced. No evidence of the dollar value of emotional distress and physical pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of emotional distress and physical pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that the Plaintiff has failed to prove compensatory damages, you must return a verdict for the Plaintiff in the amount of one dollar ($1.00).

If you find for Plaintiff on his federal claim against any Defendant or Defendants, you may, but are not required to, assess punitive damages against that Defendant or those Defendants. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to that Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a defendant. You may assess punitive damages only if you find that a defendant's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- Defendant's financial condition;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Under Illinois law, if you find against an individual Defendant or Defendants , the City of Chicago would be legally required to pay the full amount of the compensatory damages that you award to Plaintiff. The individual defendants would be legally required to pay any award for punitive damages.

Attorney's fees are not a factor for your consideration in assessing damages.

Any money award to the plaintiff in this case will not be subject to taxation.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict[s] must represent the considered judgement of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Marc Serwatka,                              )
                                            )
                    Plaintiff,              )
                                            )  Case No.    08 C 5616
        vs.                                 )              Judge Feinerman
                                            )
City of Chicago, et al.,                    )
                                            )
                    Defendants.             )

## JURY VERDICT FORM

**Failure to Provide Medical Care**

For Plaintiff Marc Serwatka's claim of failure to provide medical care, We, The Jury,

unanimously find as follows (as to each individual Defendant, place an "X" mark on each line

indicated *either* "For Plaintiff" or "For Defendant"):

|                                        | For Plaintiff   | For Defendant   |
|----------------------------------------|-----------------|-----------------|
| As to Defendant Heidi Hihn:            | _____   | _____   |
| As to Defendant John Rodriguez:        | _____   | _____   |
| As to  Defendant Marvin Donley:        | _____   | _____   |
| As to  Defendant David Makarzyk:       | _____   | _____   |

**Damages**

If you find for all of the Defendants on the above claim, then you should proceed to the signature portion at the bottom and not consider damages. If you find *for* the Plaintiff against one, some or all the Defendants on the above claim, then you must determine the amount of compensatory damages to which Plaintiff is entitled to recover.

Compensatory Damages:     $ _____

If you find for the Plaintiff against a Defendant or Defendants then you may also award punitive damages against that the defendant or defendants. You are not required to award punitive damages. You may award punitive damages against a Defendant *only* if you found against that particular Defendant. Punitive damages may be awarded only if some compensatory damages are awarded.

Amount of punitive damages,
if any, against Defendant Heidi Hihn:     $ _____

Amount of punitive damages,
if any, against Defendant John Rodriguez:     $ _____

Amount of punitive damages,
if any, against Defendant Marvin Donley:     $ _____

Amount of punitive damages,
if any, against Defendant David Makarzyk:     $ _____

**Signature of all Jurors**

_____
_Presiding Juror_        _Date_