UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARC SERWATKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 08 C 5616 |
| vs. | ) |
| | ) Judge Feinerman |
| CITY OF CHICAGO, HEIDI HIHN, JOHN RODRIGUEZ, DAVID MAKARZYK, and MARVIN DONLEY, | ) |
| | ) |
| Defendants. | ) |

### Memorandum Opinion and Order

Plaintiff Marc Serwatka brought this action under 42 U.S.C. § 1983 against the City of Chicago, police officers Heidi Hihn, David Makarzyk, and John Rodriguez, and lockup keeper Marvin Donley. Serwatka alleged that the individual defendants improperly failed to provide him with medical care immediately following his custodial arrest for battery—an arrest resulting from Serwatka's violent fight with a neighbor—and during a several-hour stay in police lockup. The jury returned a verdict for Defendants. Doc. 73. Defendants timely filed a bill of costs, which seeks recovery of $7,711.87.

Recoverable costs include (1) "[f]ees of the clerk and marshal"; (2) fees for transcripts "necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses"; (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case"; (5) docket fees; and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services." 28 U.S.C. § 1920. "Although a district court has discretion

when awarding costs, the discretion is narrowly confined because of the strong presumption created by [Federal] Rule [of Civil Procedure] 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) (internal quotation marks and citation omitted). Serwatka agrees that Defendants are the prevailing parties, but has five objections to the costs they seek.

### A. Hihn Deposition Transcript

Local Rule 54.1(b) provides that "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States … in effect at the time the transcript or deposition was filed[,] unless some other rate was previously provided for by order of court." Serwatka argues that the $217.25 sought for the cost of Officer Hihn's deposition transcript exceeds the $3.65 per-page rate set by the Judicial Conference, and therefore that the charge should be reduced to $200.75. Defendants do not object to the reduction, so the bill of costs is reduced by $16.50.

### B. Court Reporter Appearance Fees

Although not specifically mentioned in § 1920, reasonable appearance fees for court reporters at depositions are recoverable under § 1920(2). *See Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). Serwatka objects to $543.00 sought for appearance fees because, when combined with the per-page cost of the associated depositions, the appearance fees drive the transcript costs over the Judicial Conference's per-page limit. The objection is well-taken. *See Fletcher v. Chicago Rail Link, LLC*, 2007 WL 4557816, at *1 (N.D. Ill. Dec. 20, 2007); *Higbee v. Sentry Ins. Co.*, 2004 WL 1323633, at *2 (N.D. Ill. June 11, 2004); *Rogers v. City of Chicago*, 2002 WL 423723, at *3 (N.D. Ill. Mar.15, 2002). The reduction requested by Serwatka is granted, except for a $100 appearance fee for the Mitchell Lutzer deposition. Although

Defendants were invoiced for that fee, it does not appear in the bill of costs, which seeks only the maximum available charge for the Lutzer deposition (32 pages at $3.65 per page, or $116.80). The bill of costs therefore is reduced by $443.00.

**C. Exemplification of Photographs**

Exemplification fees may be recovered for the reproduction, enhancement, enlargement, or other modification of exhibits for presentation at trial. *See Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000). In determining whether the exemplification of a particular piece of evidence was "necessarily obtained for use in the case," 28 U.S.C. § 1920(4), "the judge might consider … whether the nature and context of the information being presented genuinely called for the means of illustration that the party employed. In other words, was the exemplification vital to the presentation of the information or was it merely a convenience or, worse, an extravagance?" *Cefalu*, 211 F.3d at 428-29. "Exemplification that was not reasonably necessary to the presentation of one's case to the courts does not qualify for reimbursement under section 1920(4)." *Id.* at 429.

Serwatka objects to the recovery of $1,221.50 in costs incurred by Defendants in enlarging and laminating five post-arrest photographs of Serwatka. Three of the photographs depict Serwatka's face and injuries to his body. Those exemplifications were reasonably necessary, as they vividly demonstrated to the jury what the individual defendants observed following Serwatka's arrest regarding his physical condition and need (or lack thereof) for medical attention. Serwatka contends that less expensive means of presenting the photographs were available, such as the projector system used at trial to present other photographs. But while § 1920(4) "does not obligate the losing party to pay for victor's glitz," "[s]o long as the means of presentation furthers the illustrative purpose of an exhibit … it is potentially compensable as

exemplification." *Id.* at 428 (internal quotation marks omitted). Defendants reasonably could have concluded that the enlarged photographs were necessary to show the jury precisely what the individual defendants observed when Serwatka was arrested and placed in the lockup. Costs for those photographs therefore may be recovered.

The two photographs of Serwatka's tattoos are a different matter. The tattoos were not central to the jury's consideration of any issue in the case and fairly can be characterized as an extravagance. The costs for enlarging those two photographs cannot be recovered. As the bill of costs does not itemize the exemplification costs for each photograph, Defendants are awarded $732.90 (60%) of the $1,221.50 in exemplification fees they seek.

### D. Private Process Servers

The costs of serving subpoenas are recoverable under § 1920(1), but fees charged by private process servers may not exceed the rate charged by the Marshal Service, *see Collins v. Gorman*, 96 F.3d 1057, 1059-60 (7th Cir. 1996), which currently is $55.00 per hour or portion thereof, *see* 28 C.F.R. § 0.114(a)(3). Defendants seek to recover $1,684.02 in fees charged by private process servers for serving thirteen subpoenas. Noting that the bill of costs fails to itemize the hours expended or the hourly rate charged by the process servers, Serwatka argues that the costs should be excluded in their entirety or, alternatively, that Defendants should be awarded the minimum amount charged by the Marshal, $55.00 for each subpoena served, for a total of $715.00 (thirteen multiplied by $55.00). Defendants reply that the process server invoices attached to the bill of costs show that the fees were actually incurred. But because the invoices do not specify the time spent or hourly rate charged by the process servers, it cannot be determined whether the rates they charged exceeded the maximum allowable rate.

Although costs occasionally are denied in their entirety when a party fails to set forth the hours worked and rates charged by private process servers, *see Budford v. City of Chicago*, 2010 WL 522656, at *2 (N.D. Ill. Feb. 8, 2008), the more prevalent course is to simply award $55 per served person, the minimum amount charged by the Marshal, *see*, *e.g.*, *Sanglap v. LaSalle Bank,* 194 F. Supp. 2d 798, 802 (N.D. Ill. 2001); *Shanklin Corp. v. Am. Packaging Mach., Inc.*, 2006 WL 2054382, at *5 (N.D. Ill. July 18, 2006); *Askew v. City of Chicago,* 2006 WL 1005167, at *3 (N.D. Ill. Apr. 12, 2006); *Bilal v. BP Am. Inc.*, 2006 WL 850849, at *2 (N.D. Ill. Mar. 24, 2006). Because Defendants undoubtedly expended funds for serving the thirteen subpoenas, the minimum rate will be awarded, resulting in the recovery of $715.00 of the $1684.02 sought for costs of service.

**E. Pretrial Conference and Trial Transcripts**

Section 1920(2) permits the recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," including transcripts of trial and other court proceedings. In determining whether transcripts are necessary, the court examines the facts known at the time the prevailing party ordered the transcripts, awarding costs where the transcripts were "reasonably necessary." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). "[A]lthough courts may not tax the costs of transcripts … provided merely for the convenience of the requesting attorney, a transcript need not be absolutely indispensable in order to provide the basis of an award of costs." *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000) (citation and internal quotation marks omitted).

Serwatka objects to Defendants' recovery of $812.00 in costs for the preparation of hourly transcripts during trial on March 14 and 15, 2011. The objection is valid because hourly transcripts were not reasonably necessary. Costs associated with the preparation of daily

transcripts may be recovered where the trial is lengthy and complex. *See id*. at 825 & n.3. But such costs are denied where the case is short and simple. *See Bogan v. City of Chicago*, 2010 WL 2635789, at *2-3 (N.D. Ill. June 28, 2010); *Shanklin Corp.*, 2006 WL 2054382 at *2; *Ernst v. Anderson*, 2006 WL 163024, at *2 (N.D. Ill. Jan.18, 2006). The trial in this case was short, straightforward, and relatively simple. Defendants did not need daily or hourly transcripts to allow them to construct effective cross-examinations or closing argument. Because Defendants' ordering of hourly transcripts during trial was a matter of convenience and not necessity, those costs may not be recovered.

Serwatka also objects to the recovery of $93.00 in additional costs associated with Defendants' request for an expedited transcript of the pretrial conference. Serwatka contends that an expedited transcript was unnecessary because the pretrial conference took place on February 23, 2011, well before trial was to commence on March 14, 2011. Defendants reply that they needed an expedited transcript to review the court's ruling on a particular hearsay issue in preparation for a possible motion for reconsideration or offer of proof at trial. Defendants have the better argument. Although there were almost three weeks between the pretrial conference and trial, the hearsay issue was relatively important, affecting the credibility of Serwatka's claim that he had requested medical attention from the individual defendants. At the time the expedited transcript was ordered, Defendants reasonably could have concluded that an expedited transcript was necessary for them to effectively deal with the hearsay issue.

\* \* \*

Serwatka's objections to Defendants' bill of costs are allowed in part and overruled in part. Defendants' request for $7,711.87 in costs is reduced by $16.50 for the Hihn deposition transcript, $443.00 for the court reporter appearance fees at various depositions, $488.60 for the

exemplification of the two photographs of Serwatka's tattoos, $969.02 for the service of subpoenas, and $812.00 for hourly trial transcripts—resulting in allowable costs of $4,982.75.

May 24, 2011                                    _____
                                                        United States District Judge